■ BESICORP GROUP, INC., Appellant, v STATE OF NEW YORK, Respondent. [617 NYS2d 939] —Mercure, J. P. Appeal from a judgment in favor of the State, entered July 13, 1993, upon a decision of the Court of Claims (Benza, J.).

Claimant brought this claim to recover for damage to its real property situated on the bank of the Beerkill in the Village of Ellenville, Ulster County, allegedly sustained as a result of the State's participation in the installation of a thalweg, or V-shaped notch, cut in a rock ledge that extended across the stream. The theory underlying the claim is that the notch was negligently designed and installed such that it caused the diversion of stream waters toward a flood wall, rather than away from it as intended, resulting in erosion of the wall. It is undisputed that in 1987 flood waters undermined the wall, causing a sink hole to form under claimant's building, which partially collapsed as a result. Following trial, the Court of Claims dismissed the claim upon the ground that, *inter alia,* the notch's diversion of the stream's waters was not a competent cause of the failure of the flood wall or the resulting damage to claimant's property. Claimant appeals.

We affirm. The opinion of claimant's expert, Richard Praetorius, that the notch diverted the stream waters in the direction of the flood wall was based upon a single observation of the stream, made in the course of his inspection of claimant's property for the purpose of determining the structural integ-

rity of the building following the collapse. Significantly, Praetorius testified to very limited education, training or experience in hydraulics (his engineering practice was primarily devoted to land surveying and the design and inspection of septic systems, roads, bridges and structures), and he acknowledged that he performed no tests to determine whether the observed flow actually contributed to scouring or erosion of the concrete flood wall.

In contrast, the State's expert, Russell Wege, was a professional engineer who had devoted a 24-year career to flood protection and had extensive recreational and professional experience in "reading" the effect an obstruction will have upon the flow of a river or stream. Wege testified that the 1987 flood caused flood walls to be severely undermined in other locations where there were no rock ledges or notches. Wege's expert opinion was that the rock ledge and notch adjacent to claimant's property did not have any significant role in the failure of the wall in 1987. He explained that, although the notch did have the effect of directing water toward the flood wall during low flow conditions, the water flowing at such a level was clear and nonscouring. Although an increase in the water level and resultant flow over the top of the rock ledge did bring about greater erosional forces, it also brought about a decline in the significance of the notch. In fact, under flood conditions the notch had virtually no effect at all, and it was Wege's opinion that the erosion that caused the subject flood wall to fail took place entirely during the "runoff event", the approximately two-day period during the storm that brought about the flooding conditions.

In view of the foregoing, we conclude that a finding different from that of the Court of Claims would have been unreasonable (see, Kandrach v State of New York, 188 AD2d 910, 912-913). Under the circumstances we need not consider claimant's additional contentions or the State's alternative arguments in favor of affirmance.

Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.